UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| KATHY DUGAS, | NO: 2:15-CV-0317-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 13, 16. Dana C. Madsen represents Plaintiff. Daphne Banay represents Defendant. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).

The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

1   At step four, the Commissioner considers whether, in view of the claimant's
2   RFC, the claimant is capable of performing work that he or she has performed in
3   the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is
4   capable of performing past relevant work, the Commissioner must find that the
5   claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of
6   performing such work, the analysis proceeds to step five.

7   At step five, the Commissioner considers whether, in view of the claimant's
8   RFC, the claimant is capable of performing other work in the national economy.
9   20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner
10  must also consider vocational factors such as the claimant's age, education and
11  work experience. *Id.* If the claimant is capable of adjusting to other work, the
12  Commissioner must find that the claimant is not disabled. 20 C.F.R. §
13  404.1520(g)(1). If the claimant is not capable of adjusting to other work, the
14  analysis concludes with a finding that the claimant is disabled and is therefore
15  entitled to benefits. *Id.*

16  The claimant bears the burden of proof at steps one through four above.
17  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If the
18  analysis proceeds to step five, the burden shifts to the Commissioner to establish
19  that (1) the claimant is capable of performing other work; and (2) such work

"exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for a period of disability and disability insurance benefits on July 9, 2012. Tr. 136-56. Her application was denied initially and on reconsideration. Tr. 64-74; 75-88. Plaintiff filed a timely request for hearing, Tr. 99, and appeared with an attorney at a hearing before an administrative law judge ("ALJ") on May 30, 2014. Tr. 32-62.

On June 27, 2014, the ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through December 31, 2015. Tr. 14. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 15, 2010, the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff had severe impairments, but at step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal a listed impairment. Tr. 15. The ALJ then determined that Plaintiff had the residual functional capacity to perform light work with certain specified limitations. Tr. 16. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a housekeeper, supervisor. Tr. 24-25. In the alternative, after considering Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that Plaintiff was capable of performing representative occupations, such as production

assembler, retail clerk, and mail clerk, which exist in significant numbers in the national economy. Tr. 25. Because Plaintiff was capable of past relevant work and other work in the national economy, the ALJ found that Plaintiff was not disabled under the Social Security Act. Tr. 24-26.

On October 7, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. Tr. 1-7; 20 C.F.R. § 404.981.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff has raised two issues for review:

1. Whether the ALJ erred in making an adverse credibility determination; and

2. Whether the ALJ properly weighed the medical opinions of Dr. Arnold.

ECF No. 13 at 12-19. The Court evaluates each issue in turn.

## DISCUSSION

**A. Adverse Credibility Determination**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 404.1508. A claimant's

statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 404.1508; 404.1527. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. § 404.1529(b), the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

In the event an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *See id.* The ALJ may also consider a claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v.*

*Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing."  *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted).  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Plaintiff contends the ALJ improperly discounted her credibility, citing each reason proffered by the ALJ as insufficient.  ECF No. 13 at 12-16.  In response, Defendant asserts the ALJ offered several reasons, supported by substantial evidence, for finding Plaintiff's allegations not credible.  ECF No. 16 at 5-10.

The Court finds the ALJ provided specific, clear, and convincing reasoning supported by substantial evidence for finding Plaintiff's subjective statements not "entirely credible."  Tr. 21.  First, the ALJ found "the objective evidence does not document clinical findings of physical or mental status abnormality that established total disability . . . or corroborate the degree of symptomology or limitation the claimant has described."  Tr. 21.  Specifically, the ALJ noted multiple evaluations finding Plaintiff to be "well appearing," "well-nourished in no distress," "oriented to person, place, and time," "normal affect and mood," "alert," "interactive," and "[in] no distress."  Tr. 22 (citing Tr. 229, 233, 260).  In addition,

as for Plaintiff's physical impairments, while Plaintiff complained of disabling back and neck pain, the ALJ noted a medical evaluation on June 24, 2013 showing

> [Plaintiff's] respiration rhythm and depth was normal and the lungs were clear to auscultation. She exhibited no tenderness on palpation to her back. The cervical spine had a normal appearance, motion was normal, the thoracic spine had a normal appearance, and the thoracic spine exhibited no tenderness on palpation. The lumbosacral spine exhibited a normal appearance, no muscle spasms, motion was normal, a straight-leg raising test was negative, and no tenderness on palpation of the sacroiliac joint. A motor exam demonstrated no dysfunction, gait and stance were normal, and the deep tendon reflexes were normal.

Tr. 22 (citing Tr. 305).

Such inconsistencies between Plaintiff's alleged limitations and medical evidence provide a permissible reason for discounting Plaintiff's credibility. *See Thomas*, 278 F.3d at 958-59 ("If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination . . . [t]he ALJ may consider . . . testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which the claimant complains.") (internal citations and modifications omitted); *see also Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (citation omitted).

Second, the ALJ observed that Plaintiff has not generally received the type of medical treatment one would expect for a totally disabled individual. Tr. 22. The ALJ found it significant that Plaintiff received no treatment for alleged mental health problems Plaintiff claimed were disabling. Tr. 22. Further, the ALJ observed that even given financial constraints, the degree of effort by Plaintiff to alleviate her symptoms tended to undermine her testimony the symptoms were as limiting as alleged. Importantly, the ALJ referenced documents indicating Plaintiff could receive her appropriate medication for free through her research study. Tr. 20 (citing Tr. 336); *see Tommasetti*, 533 F.3d at 1039 (holding that ALJ may draw adverse inference from a claimant's failure to seek an aggressive treatment program or failure to seek "an alternative or more-tailored treatment program" after discontinuing prescription medication regimen).

Third, the ALJ observed inconsistencies between Plaintiff's testimony and her conduct. For instance, the ALJ noted that Plaintiff both failed a drug screen in 2013 and reported that she had never been terminated from a position, yet: (1) sought treatment from another provider before review of the failed screen; (2) reported to another doctor that she had passed drug screens as part of a pain contract but lack of finances was the issue for her previous provider, and; (3) reported in her application for benefits that she was let go from her job due to

multiple sicknesses. Tr. 23. Such inconsistencies are other permissible reasons to discredit Plaintiff's testimony. *See Thomas*, 278 F.3d at 958-59.

Fourth, the ALJ found Plaintiff's daily activities were inconsistent with her symptom claims. Tr. 23. The ALJ observed that Plaintiff self-reported she "gets the kids ready for school, takes them to school, does the dishes, cleans the house, does the laundry, and will 'sometimes' lie down prior to picking the children up." Tr. 23 (citing Tr. 158). The ALJ also noted that Plaintiff "reported to Dr. Rose that she cooks and does light housecleaning." Tr. 23 (citing Tr. 282). The ALJ further observed that Plaintiff "reported to Dr. Everhart that [Plaintiff] does not need help to complete her activities of daily living. She is able to do her own cooking, cleaning, laundry, and take care of her personal hygiene." Tr. 23 (citing Tr. 295). Based on these reports, the ALJ reasoned "this sampling of the [Plaintiff]'s own reported activities of daily living and abilities suggests the [Plaintiff]'s alleged impairments result in no significant functional limitation that precludes her from engaging in basic work activity." Tr. 23. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13 (internal

quotation marks and citations omitted). Thus, the ALJ provided yet another permissible reason to discredit Plaintiff's testimony.

In sum, despite Plaintiff's arguments to the contrary, the ALJ provided several specific, clear, and convincing reasons for rejecting Plaintiff's testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). Accordingly, no error has been shown.

**B. Opinion Evidence**

Next, Plaintiff faults the ALJ for improperly discounting the opinion of Dr. Arnold. ECF No. 13 at 17-19. Specifically, Plaintiff argues the ALJ provided inadequate reasons, unsupported by substantial evidence, for assigning Dr. Arnold's opinion little weight.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of

specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989).

The Court finds the ALJ properly discounted the opinion of Dr. Arnold. As Plaintiff conceded, the ALJ need only provide "specific and legitimate" reasoning for rejecting Dr. Arnold's opinion as it was contradicted by other sources. *See* ECF No. 13 at 18; *See also Bayliss*, 427 F.3d at 1216. Specifically, the ALJ found an examining psychological evaluator evaluated Plaintiff as having

> [t]he ability to listen, understand, remember, and follow simple directions. She has the ability to complete multistep tasks. Socially she

> presents as depressed and tearful. She does not present as anxious or angry. Her gait and station appear to be within normal limits.
> . . . .
> She has the ability to interact with the public. She has the ability to participate as a member of a group. She has the ability to interact appropriately with supervisors and coworkers.

Tr. 20 (Citing Tr. 295). The ALJ further noted a nonexamining state agency psychologist who found Plaintiff "retains the mental capacity to understand, remember, and persist with simple (1-3 step, repetitive) tasks as well as slightly more complex tasks that are well learned in nature" and "[d]iminished tolerance for stress limits interaction with the public to events without sustained consequence." Tr. 24 (citing Tr. 85-86).

The ALJ also observed the contradicting opinion of Dr. Vu, who testified as an independent medical expert during the ALJ hearing. Dr. Vu reviewed the medical evidence and concurred with an examining doctor's opinion that

> [Plaintiff] is capable of stand[ing] and walking 6 hours continuously and 8 hours cumulatively. She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can push and pull 40 pounds occasionally and 20 pounds frequently. Reaching waist to shoulder and reaching above shoulder can be done 1 hour continuously and 4 hours cumulatively bilaterally. She can squat, kneel and balance 30 minutes continuously and 3 hours cumulatively. She can climb 1 hours continuously and 4 hours cumulatively. There is no restriction on gripping, handling, fingering, feeling, pushing and pulling or use of the feet bilaterally.

Tr. 19 (citing Tr. 237-38); 21, 39-40. Dr. Arnold conducted a psychological

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

evaluation of Plaintiff on May 2, 2014.  Tr. 21.  The ALJ observed Dr. Arnold's May 19, 2014 evaluation that Plaintiff had moderate (up to 1/3 of an 8-hour workday) to marked (up to 2/3 of an 8-hour workday) limitations in understanding and memory, sustained concentration and persistence, social interaction and adaptation.  Tr. 21 (citing Tr. 331-33).

Upon review of Dr. Arnold's opinion, the ALJ found:

> *The undersigned assigns little weight in Dr. Arnold's opinions as this was a one-time examination that was done at the request of the claimant's attorney and not in an attempt to seek treatment for symptoms.* He notes marked limitations in sustained concentration and persistence and in accepting instructions and responding appropriately to criticism yet, *in his narrative he does not describe any difficulty in performing testing and notes that her mental status examination is within normal limits.*

Tr. 24 (emphasis added). Here, the ALJ provided another specific and legitimate reason to discount Dr. Arnold's opinion.  The ALJ explains that Dr. Arnold's opinions are internally inconsistent with his findings.  Specifically, the ALJ found Dr. Arnold's findings of moderate to marked limitations were inconsistent with Dr. Arnold's assessment of Plaintiff's mental examination results, which were within normal limitations.  See *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (explaining the incongruity between a physician's opinions and medical records provides a specific and legitimate reason to discount the physician's opinion)*; see also Molina v. Astrue*, 674 F.3d 1104, 1111-12 (9th Cir. 2012) (explaining the

Ninth Circuit has consistently permitted ALJs to "reject check-off reports that do not contain any explanation of the bases of [the physician's] conclusions") (quotation, citation and modifications omitted).

Plaintiff contends the ALJ's reasons are not supported by substantial evidence. ECF No. 13 at 17. In support, Plaintiff cites to the rules that a non-examining physician's opinion alone does not constitute substantial evidence, and that the purpose for which medical reports are prepared does not provide a legitimate basis for rejecting them. ECF No. 13 at 18; *see Lester v. Chater*, 81 F.3d 821, 831, 832 (9th Cir. 1995).

However, the Court finds there is substantial evidence to support the ALJ's specific and legitimate reasons. Here, there is one nonexamining doctor, two examining medical providers, one examining psychologist, and medical reports that conflict with Dr. Arnold's findings of moderate to marked limitations. For instance, the ALJ provided significant weight to Dr. Vu's review of the medical records, who concurred with examining physician Dr. Lewis' opinion that Plaintiff is capable of "stand and walking 6 hours continuously and 8 hours cumulatively" and individually opined "the [Plaintiff]'s impairments, either singly or in combination, do not meet any listed impairment." Tr. 19, 21, 23; *see Tonapetyan*, 242 F.3d at 1149.

In addition, as discussed, Dr. Arnold's own findings, contained within the medical record, conflict with his opinion.  *See* Tr. 24; *see also Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (upholding ALJ's decision to reject examining psychologist's functional assessment that conflicted with his own written report and tests results which were contained in the record and found to constitute substantial evidence).  The Court finds the above referenced evidence constitutes substantial evidence.  *See Andrews v. Shalala*, 53 F.3d 1035, 1042-43 (9th Cir. 1995) (where the Court found that the opinions of five nonexamining mental health professionals, medical reports in the record, and Plaintiff's own testimony amounted to substantial evidence).

Plaintiff contends the ALJ's hypothetical question posed to the vocational expert should have described her residual functioning capacity differently, as opined by Dr. Arnold.  ECF No. 13 at 18-19.  If it had, according to Plaintiff, she would have been deemed incapable of sustaining gainful employment.  *Id.* at 18.  The Court finds the hypothetical question posed by the ALJ was legally sufficient, given the ALJ properly rejected Dr. Arnold's opinion.

Having thoroughly reviewed the record, the Court finds the ALJ supported her adverse credibility findings with specific, clear and convincing findings which are supported by substantial evidence; and supported her rejection of Dr. Arnold's opinion with specific and legitimate reasons supported by substantial evidence.  As

such, the ALJ's hypothetical included the extent of Plaintiff's impairments supported by the record.  Accordingly, the Court finds no error has been shown.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file

**DATED** September 28, 2016.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19